Docket No. 14-1078

_____

# United States Court of Appeals
# For the Federal Circuit

_____

PHIL-INSUL CORP. d/b/a INTEGRASPEC,

              *Plaintiff-Appellant,*

v.

REWARD WALL SYSTEMS, INC.,

              *Defendant-Appellee,*

BUILDBLOCK BUILDING SYSTEMS, LLC,

              *Defendant-Appellee,*

NUDURA CORPORATION,
POLYFORM, A.G.P.,

              *Defendant-Cross-Appellants,*

AMVIC CORPORATION

              *Defendant-Appellee.*

_____

*Appeal from the United States District Court for the District of Nebraska in Case No. 8:12-cv-0091, Judge Joseph F. Bataillon*

_____

## MOTION TO CLARIFY ORDER RE EXTENSION OF TIME

PAUL ADAMS
The Adams Law Firm
3800 Osuna Blvd. NE, Suite 2
Albuquerque, NM  87109
Telephone :  (505) 222-3145

MICHAEL T. COOKE
BRETT M.  PINKUS
Friedman, Suder & Cooke
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0054

Phil-Insul Corp. d/b/a IntegraSpec ("IntegraSpec) respectfully requests the Court to clarify its Order of July 13, 2014 (Document 34) granting Cross-Appellant Nudura Corporation and Polyform A.G.P. (collectively "Polyform") a sixty (60) day extension of time within which to file its principal brief.

I.    FACT STATEMENT

A.    Procedural History

The Notice of Docketing received from this Court on November 13, 2013 outlined the following briefing schedule. The schedule was contrary to the Federal Rules of Appellate Procedure and this Court. (F.R.A.P Rule 28.1(c)(2); Fed. Cir. Rule 31(a)(2))  The schedule stated:

| | |
|---|---|
| 01/12/14 | "The appellant's opening brief is due within 60 days of the date of docketing." |
| 02/21/14 | The cross-appellant's opening brief is due within 40 days of filing of the appellant's opening brief. |
| 04/02/14 | The appellee's brief is due within 40 days of filing of the cross-appellant's brief. |
| 05/12/14 | The appellant's response/reply brief is due within 40 days of filing of the appellee's brief. |
| 05/26/14 | The cross-appellant's reply brief is due within 14 days of filing of the appellant's response/reply brief. |
| 06/05/14 | The joint appendix is due within 10 days of filing of the cross-appellant's reply brief |

Appellant filed its brief on December 11, 2014 and this Court sent its Notice of Docket Activity (Exhibit 1) which states:

> "BRIEF FILED for Appellant Phil-Insul Corp. [28] . . . **Appellees** Amvic Corporation, BuildBlock Building systems, LLC and Reward Wall Systems, Inc. and Cross-Appellants Nudura Corporation and Polyform A.G.P. **brief is due 01/24/14**."

(Emphasis added)

This Court entered an Order on January 13, 2014 granting Cross-Appellant Polyform a requested sixty (60) day extension of time "to file the cross-appellant's principal brief [33] filed by Cross-Appellants Nudura Corporation and Polyform A.G.P., Inc. Cross-appellant's principal brief is due on or before March 24, 2014." Since the January 13 Order does not address due date for Appellees' brief set forth in the December 11, 2014 Notice, and since Appellees are **not** requesting an extension of time, it is Appellant's position that Appellees' Response to the Opening Brief is still due January 24, 2014.

### B.     Facts Relating To Scheduling Briefs on Appeal

IntegraSpec appeals the lower court's judgment of noninfringement of United States Patent No. 5,428,933 (the '933 patent"). There are four defendants: Polyform (Cross-Appellant and Appellee), Amvic Corporation ("Amvic") (Appellee), Reward Wall Systems, Inc. ("Reward Wall") (Appellee) and BuildBlock Building systems, Inc. ("BuildBlock") (Appellee). Polyform and

Amvic make and sell accused Insulated Concrete Forms (ICFs), the subject matter of the '933 patent that have a single row of projections and recesses referred to as "one-row forms." BuildBlock makes and sells a form having two rows of projections and recesses ("two-row forms"). Reward Wall has a product called iForm that has two rows of projections and recesses and a second product called eForm that has one row of projections and recesses.

A first motion for summary judgment in the lower court was brought by Polyform, Amvic and Reward Wall (iForm) on the grounds that the claim did not cover one-row forms. Later, BuildBlock and Reward Wall (eForm) brought a motion for summary judgment on the grounds that the two-row forms did not infringe.

The cross-appeal, brought only by Polyform, is based on a denial of a Motion under Rule 11. The basis of the Rule 11 motion was that for one-row forms, there was a surrender of claim coverage in the initial prosecution of the '933 patent. Therefore the issue on the main appeal and the cross-appeal both involve noninfringement but the Rule 11 motion is limited to one-row forms. The motion involves only initial prosecution of the '933 patent and only Cross-Appellant Polyform.

The main appeal involves other noninfringement arguments and questions, not solely limited to the initial prosecution history.

In summary, the ruling on the cross-appeal of Polyform cannot possibly affect the BuildBlock appellee and the Reward Wall appellee (as to the iForm) because they sell two-row forms unrelated to the Rule 11 motion.

Neither Amvic nor Reward Wall (as to the eForm) joined in the Rule 11 motion in the lower court nor in this appeal. That lack of interest demonstrates that there are no facts nor arguments relating to the cross appeal that will affect these two appellees.

## II.   ARGUMENT

The Order of the Court on January 13 granted a motion to extend time for sixty (60) days "to file the cross-appellant's principal brief [33] filed by cross-appellant's Nudura Corporation and Polyform A.G.P., Inc." The Order goes on to state that the "Cross-appellant's principal brief is due on or before March 24, 2014."

The Order does **not** state that any extension of time has been granted for the filing of the response brief of any of the Appellees as set forth clearly in the December 12, 2013 Notice. That is consistent with the Polyform motion styled: Motion for Extension of Time to File Cross-Appellant Nudura and Polyform's Opening Brief." It requests no extension for all Appellees' brief, or even its own.

Noting that the extension of time in the January 13 Order affected only the Cross-Appellant's brief, counsel for IntegraSpec forwarded an email to counsel for

Polyform pointing out that there was no extension of time for the Appellees' brief and setting a question of whether Polyform received the designation of record for the Appendix to be filed. (Exhibit 2) In response, counsel for Polyform stated that IntegraSpec was under a misunderstanding and that the Order extended the time for filing both the Cross-Appellant's principal brief as well as the Appellees' brief in response to IntegraSpec's Opening Brief. (*Id.*) Moreover, counsel for Polyform wrote that it understood that in addition to an extension of time for Polyform's principal brief due on March 24, 2014, that all Appellees' response briefs would not be due until 40 days after March 24, 2014, that is May 4, 2014.

This Motion is brought to confirm that the January 13, 2014 Order extending time applies solely to the Cross-Appellant's principal brief and has no effect on the date for filing the Appellees' response brief which is, in the absence of an extension, due on January 24, 2014.

### A. The PolyForm Motion Affects Only the Cross-Appellant's Principal Brief

The three Appellees other than Polyform (Cross-Appellant/Appellee), have not joined in the Motion for Extension of Time of Polyform with respect to the time for filing Appellees' brief in response to IntegraSpec's Opening Brief. Polyform has stated in its Motion for Extension of Time that the other Appellees do not oppose the Motion, but no confirmation of that position was submitted. Clearly, if Appellees wanted an extension of time for filing their response brief,

6

they would have joined in the motion and offered justification for why they required additional time in light of other commitments. However, as the record stands, it is only Polyform who requires additional time apparently based on the necessity that they must file a separate brief on the cross-appeal.

Given the nature of the cross-appeal involving the Rule 11 motion and the sole question of whether the case was frivolously brought by IntegraSpec because the initial prosecution of the application that matured into the '933 patent contained a surrender of infringement of any one-row form, it is understandable why the Appellees are not interested in the cross-appeal.

**B.  The Cross-Appellant's Brief Has No Effect on the Other Three Appellees**

It is understood that, as in the November 13 Order, with respect to scheduling briefs, Appellees may in some cases be granted an additional 40 days of time after a cross-appellant files an Opening Brief. However, the discretionary rule certainly does not favor Polyform in the current circumstance. Obviously, as to Polyform, there is no position that it could take in the Cross-Appeal that would surprise it in preparing its responsive brief in the main appeal. It does not need 40 days to read its own cross-appeal brief. Given the nature of the cross-appeal, it is equally obvious that given the subject matter of the cross-appeal, involving a limited argument of noninfringement that, is inclusive of some Appellees' positions that they will take in the Appellees' responsive brief, the cross-appeal

brief will not surprise Appellees. As indicated above, two appellees cannot rely on the one-row argument on which the Rule 11 motion is based. However, while the discretionary rule may have application in other circumstances, granting the Appellees an additional 40 days after the filing of Cross-Appellant's brief will have no effect other than to delay the resolution of this appeal.

### C.　The Briefing Cycle Sought by Polyform is Inordinately Long

After several delays after IntegraSpec filed its Notice of Appeal including the filing of the cross-appeal by Polyform, the final Notice of Appeal was entered on November 12, 2013. Based on the Polyform request for extension of time to March 24, an additional 40 days to allow the Appellees to file a response brief after the cross-appeal brief is filed, then a further cross-appeal reply brief, the briefing schedule will not be completed until mid-July 2014. From the date of docketing of the Notice of Appeal (October 16, 2013) until the briefing schedule is complete, will be a period of approximately nine months which is an inordinately long time for completion of appellate briefing even including the scheduling delays required in a cross-appeal. In effect, Appellees will have 140 days to respond to Appellant's Opening Brief which, notwithstanding the cross-appeal, is unjustified and is simply an attempt to delay the resolution of this appeal.

### III.　CONCLUSION

For all of the foregoing reasons set forth above, it is respectfully requested that the Court clarify its Order of January 13, 2014 and order Appellees to file their response to Appellant's Opening Brief on January 24, 2014.

Dated this 14th day of January, 2014.

Respectfully submitted,

By: */s/ Paul Adams*
Paul Adams
THE ADAMS LAW FIRM
3800 Osuna Blvd. NE, Suite 2
Albuquerque, New Mexico 87109
Telephone: (505) 222-3145

FRIEDMAN, SUDER & COOKE
Michael T. Cooke
Brett M. Pinkus
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0054

I hereby certify that on January 14, 2013, I electronically filed the foregoing document using the Court's CM/ECF filing system.  Counsel was served via CM/ECF which constitutes service, pursuant to Fed. R. App. R. 25(c)(2), Fed. Cir. R. 25(c), and the Court's  Administrative Order Regarding Electronic Case Filing 6(A) (May 12, 2012) to all registered CM/ECF users.

Dated this 14TH day of January, 2014.

                                Respectfully submitted,

                        By: */s/  Paul Adams*
                             Paul Adams
                             THE ADAMS LAW FIRM
                             3800 Osuna Blvd. NE, Suite 2
                             Albuquerque, New Mexico 87109
                             Telephone:  (505) 222-3145

                        Attorneys for Plaintiff-Appellant



Susie Newman <susie.adamspatentlaw@gmail.com>

# 14-1078-LW Phil-Insul Corp. v. Reward Wall Systems, Inc. "ECF - Appellant/Petitioner Opening brief"

1 message

**FilingNotice@cafc.uscourts.gov** <FilingNotice@cafc.uscourts.gov>      Thu, Dec 12, 2013 at 7:49 AM
To: susie.adamspatentlaw@gmail.com

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### United States Court of Appeals for the Federal Circuit

**Notice of Docket Activity**

The following transaction was entered on 12/12/2013 at 9:50:06 AM EST and filed on 12/11/2013

| | |
|---|---|
| **Case Name:** | Phil-Insul Corp. v. Reward Wall Systems, Inc. |
| **Case Number:** | 14-1078 |
| **Document(s):** | Document(s) |

**Docket Text:**
BRIEF FILED for Appellant Phil-Insul Corp. [28]. Title: Opening brief of appellant, [Non-Confidential version only]. Number of Pages: 69. Service: 12/11/2013 by email.. Pursuant to ECF-10, filer is directed to file six copies of the brief in paper format. The paper copies of the brief should be received by the court on or before 12/17/2013. Appellees Amvic Corporation, BuildBlock Building Systems, LLC and Reward Wall Systems, Inc. and Cross-Appellants Nudura Corporation and Polyform A.G.P. Inc. brief is due 01/24/2014. [122537]

**Notice will be electronically mailed to:**

Paul Adams: adamspatentlaw@gmail.com, susie.adamspatentlaw@gmail.com
Mr. Michael R. Annis, Attorney: mike.annis@huschblackwell.com, katrina.brown@huschblackwell.com, mike.tolles@huschblackwell.com, pat.warfel@huschblackwell.com, andy.gilfoil@huschblackwell.com
Kori Anne Bagrowski: kbagrowski@brinksgilson.com
Michael Thomas Cooke, Attorney: mtc@fsclaw.com, hermesch@fsclaw.com, dunn@fsclaw.com
Mr. Harvey D. Ellis, Jr., Director: harvey.ellis@crowedunlevy.com, ecf@crowedunlevy.com, paula.tarbutton@crowedunlevy.com, cathy.johnson@crowedunlevy.com
Andrew Richard Gilfoil, -: andy.gilfoil@huschblackwell.com
Mrs. Rachel C. Hughey, Attorney: rhughey@merchantgould.com, cnystrom@merchantgould.com
Aaron M. Johnson, Attorney: ajohnson@merchantgould.com, vhanson@merchantgould.com
Katherine E. Muller, Attorney: kmuller@merchantgould.com, alarkin@merchantgould.com
Drew T. Palmer, -: drew.palmer@crowedunlevy.com
Brett Michael Pinkus: pinkus@fsclaw.com, hermesch@fsclaw.com, dunn@fsclaw.com
James Robert Sobieraj, Attorney: jrs@brinkshofer.com, federalcourts@brinksgilson.com, lreyes@brinksgilson.com
Christopher J. Sorenson, Attorney: csorenson@merchantgould.com, cnystrom@merchantgould.com
Mr. David M. Sullivan: david.sullivan@crowedunlevy.com, ecf@crowedunlevy.com, stephanie.mccurdy@





Paul Adams <adamspatentlaw@gmail.com>

## Appendix and Appellee Brief
5 messages

**Paul Adams** <adamspatentlaw@gmail.com>   Mon, Jan 13, 2014 at 11:23 AM
Reply-To: adamspatentlaw@gmail.com
To: "Aaron M. Johnson" <AJohnson@merchantgould.com>
Cc: "Annis, Michael" <mike.annis@huschblackwell.com>, "Christopher J. Sorenson" <CSorenson@merchantgould.com>, David Sullivan <david.sullivan@crowedunlevy.com>, "Sobieraj, James" <jsobieraj@brinkshofer.com>, "Michael T. Cooke" <mtc@fsclaw.com>, Brett Pinkus <pinkus@fsclaw.com>, "Bagrowski, Kori Anne" <kbagrowski@brinksgilson.com>, "Passarelli, John P." <John.Passarelli@kutakrock.com>, Susie Newman <susie.adamspatentlaw@gmail.com>

Aaron:

You did not acknowledge the receipt of the Appendix sent to all counsel on January 9.

In view of the Court Order that the Appellees brief is due on January 24 (the original date) I do not want you to be complaining that you have not had adequate time to prepare the Appellees brief.

Moreover, had you made clear that you were only seeking an extension for the Cross-Appellant brief of Nudura and Polyform, we would not have opposed.

Please acknowledge receipt of this email and confirm that we have complied with the rules relating to the Appendix.

Paul

--

Paul Adams
THE ADAMS LAW FIRM LLC
3800 Osuna Road NE, Suite 2
Albuquerque, NM  87109
(505) 222-3145   office
(505) 222-3147   facsimile


**Aaron M. Johnson** <AJohnson@merchantgould.com>   Mon, Jan 13, 2014 at 12:07 PM
To: "adamspatentlaw@gmail.com" <adamspatentlaw@gmail.com>
Cc: "Annis, Michael" <mike.annis@huschblackwell.com>, "Christopher J. Sorenson" <CSorenson@merchantgould.com>, David Sullivan <david.sullivan@crowedunlevy.com>, "Sobieraj, James" <jsobieraj@brinkshofer.com>, "Michael T. Cooke" <mtc@fsclaw.com>, Brett Pinkus <pinkus@fsclaw.com>, "Bagrowski, Kori Anne" <kbagrowski@brinksgilson.com>, "Passarelli, John P." <John.Passarelli@kutakrock.com>, Susie Newman <susie.adamspatentlaw@gmail.com>, "Kristin M. Drieman" <KDrieman@merchantgould.com>, Rachel Clark Hughey <RHughey@merchantgould.com>

Paul:

**EXHIBIT 2**

We are reviewing the Appendix as we speak to make sure that the documents we had designated were included in that document. We should have that review completed shortly – but I believe that not all of the Defendants' documents are present. We will advise shortly.

You are also mistaken. Polyform/Nudura's brief on both the issues raised in your brief and in regards to Rule 11 is now due on March 24, 2014, per today's order. My understanding is that appellee's (non-Polyform/Nudura) brief would, by operation of the Rules, not be due until some set period after the filing of Polyform/Nudura's brief (either on March 24, or 40 days afterwards). There is now no brief due from any party on January 24.

Best regards,

Aaron

**Aaron M. Johnson**
Attorney
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 336-4754
**Mobile** (612) 227-0964
**Fax** (612) 332-9081
**www.merchantgould.com**

## GUARDIANS OF GREAT IDEAS®

Atlanta | Denver | Knoxville | Madison | **Minneapolis** | New York | Seattle | Washington D.C.

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever. Thank you.

**From:** Paul Adams [mailto:adamspatentlaw@gmail.com]
**Sent:** Monday, January 13, 2014 12:23 PM
**To:** Aaron M. Johnson
**Cc:** Annis, Michael; Christopher J. Sorenson; David Sullivan; Sobieraj, James; Michael T. Cooke; Brett Pinkus; Bagrowski, Kori Anne; Passarelli, John P.; Susie Newman
**Subject:** Appendix and Appellee Brief

[Quoted text hidden]