## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| PHIL-INSUL CORP. d/b/a INTEGRASPEC, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 14-1078 |
| | ) | |
| REWARD WALL SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

## APPELLEES' RESPONSE TO MOTION TO CLARIFY ORDER RE EXTENSION OF TIME

All Appellees[1] respond to Appellant's 1/14/14, nine-page motion to "clarify" the Court's 1/13/14 Order granting Cross-Appellants' Nudura Corporation and Polyform A.G.P. Inc. an extension of time to file its Opening Brief.

Rarely have Appellees seen a party invest such time and money to quarrel about the briefing schedule -- particularly after having accelerated the filing of its brief while prejudicially delaying its own cooperation with the other parties to discharge its obligation to compile an accurate Joint Appendix.[2] One might reasonably speculate that Appellant hoped to advance its case by procedural

---

[1] Appellees are Reward Wall Systems, Inc., Buildblock Building Systems, LLC, and Amvic Corporation who have all consented to the filing of this Response.

[2] *See* Cross-Appellants' 12/16/13 motion for extension (Doc. 30) at p.2; and Cross-Appellants' 1/2/14 reply re extension (Doc. 33) at p.1.

maneuvers rather than submission on the merits[3] -- particularly since Appellant was unable to identify any prejudice whatever to the extended briefing schedule in view of the fact that the patent in question will expire on February 14, 2014.[4]

In any event, Appellant's assertion that Appellees were required to file their Answer Brief notwithstanding the Court's order extending time for Cross-Appellants' Opening Brief is facially wrong. This Court's directive in its 11/13/13 Notice of Docketing, that "appellee's brief is due within 40 days of filing of the cross-appellant's brief," is a straightforward application of Fed.Cir.R. 31(a)(2), and the Court Clerk did not -- as Appellant seems to urge -- either countermand or retrench from the rule or its own prior directive by its 12/12/13 notice of docketing activity for Appellant's Opening Brief: Appellees' briefs would indeed have been due on 1/24/14 if Cross-Appellants had neither timely filed nor obtained an extension to file Cross-Appellants' Opening Brief. Appellees had no more reason than Appellant to think that the Court Clerk was altering the briefing schedule set forth in the 11/13/13 Notice of Docketing.

Appellant's assertion to this Court that the Court was not informed of any reason that Appellees would be depending on the procedural effect of an extension of time for Cross-Appellants is also facially wrong. Cross-Appellants stated that

---

[3] *See* Cross-Appellant's 12/16/13 motion, Doc. 30, p.2, under the heading: "*Integraspec surprised Polyform by filing its opening brief a month early.*"

[4] *Id.* at p.4.

reliance in their motion for extension when apprising the Court that Appellees explicitly supported that motion.  See the 12/13/13 motion, Doc. 30, at p.4, stating:

> Polyform and the other defendants hope to work together to consolidate briefing on certain overlapping issues to avoid burdening the court with four separate briefs on overlapping issues on appeal. However, the coordination between the four separately represented defendants will require extra preparation time. Counsel for the other Appellees have indicated that they do not oppose Polyform's requested extension, and have indicated they support the request for extension to provide the Appellees the adequate time they need to work together on overlapping issues.

Appellees reviewed and approved these statements before indicating to Cross-Appellants that they could represent that Appellees supported their motion for extension.  Nor is Appellant correct in suggesting that unless Appellees seek sanctions against Appellant, they have no interest in coordinating on the issues raised on the merits of Appellant's appeal.  Appellees will be supporting the district court's decision on overlapping grounds:  two of them (Buildblock and Reward Wall) have the "substantially similar dimension" issue in common with one another; and Reward Wall and Amvic have the "adjacent" issue in common with one another, as well as with Cross-Appellants.  Sufficient time for collaboration to attempt joint briefing, to the extent practicable, will make the presentation of this case more efficient for the parties and more understandable for the Court.

As noted above, Appellant's purpose for pursuing marginal procedural arguments is not remotely supported by any identification of purported prejudice to Appellant. Appellant's motion to "clarify" should be denied, since no clarification is needed. However, if the Court does clarify the briefing schedule it should confirm that the schedule it already set forth in its 11/13/13 Notice of Docketing remains intact and was not superseded or contradicted in the manner suggested by Appellant.[5]

Respectfully submitted,

s/David M. Sullivan

HARVEY D. ELLIS, JR., OBA #2694
DAVID M. SULLIVAN, OBA #18851
TYNIA A. WATSON, OBA #30765
CROWE & DUNLEVY
A Professional Corporation
20 N. Broadway Ave., Suite 1800
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
harvey.ellis@crowedunlevy.com
david.sullivan@crowedunlevy.com
tynia.watson@crowedunlevy.com

**ATTORNEYS FOR BUILDBLOCK
BUILDING SYSTEMS, LLC**

-AND-

---

[5] In the event that Appellees are for any reason mistaken in their understanding of the Court's docketing order and applicable rule, they request the same extension already granted to Cross-Appellants, to allow their collaboration with a view toward facilitating joint briefing, for reasons discussed above.

s/Michael R. Annis

MICHAEL R. ANNIS
ANDREW RICHARD GILFOIL
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 (Facsimile)
mike.annis@huschblackwell.com
andy.gilfoil@huschblackwell.com

**ATTORNEYS FOR REWARD WALL SYSTEMS, INC.**

-AND-

s/James Robert Sobieraj

KORI ANNE BAGROWSKI
JAMES ROBERT SOBIERAJ
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Dr., Suite 3600
Chicago, Ilinois 60611
(312) 321-4200
kbagrowski@brinksgilson.com
jrs@brinkshofer.com

**ATTORNEYS FOR AMVIC CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of January, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Docket Activity to the following ECF registrants:

Michael Thomas Cooke:  mtc@fsclaw.com
Aaron M. Johnson:  ajohnson@merchantgould.com
Paul Adams:  adamspatentlaw@gmail.com
Rachel C. Hughey:  rhughey@merchantgould.com
Christopher J. Sorenson:  csorenson@merchantgould.com
Katherine E. Muller:  kmuller@merchantgould.com
Brett Michael Pinkus:  pinkus@fsclaw.com

s/David M. Sullivan